Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL V

| | | |
|---|---|---|
| CARLOS L. DOMITRIZ TORRES y OTROS **Peticionario**<br><br>V.<br><br>HOSPITAL EPISCOPAL SAN LUCAS, INC. **Recurrida** | KLCE202400843 | *CERTIORARI* procedente del Tribunal de Primera Instancia Sala Superior de Ponce<br><br>Caso Núm: PO2021VCV00990<br><br>Sobre: Impericia Médica |

Panel integrado por su presidente, el Juez Hernández Sánchez, el Juez Bonilla Ortiz y la Jueza Mateu Meléndez

**Hernández Sánchez, Juez Ponente**

**SENTENCIA**

En San Juan, Puerto Rico, a 30 de agosto de 2024.

El 1 de agosto de 2024, el Sr. Carlos L. Domitriz Torres (señor Domitriz Torres o peticionario) compareció ante nos mediante una petición de *Certiorari* y solicitó la revisión de una *Resolución* que se dictó el 5 de junio de 2024 y se notificó el 7 de junio de 2024 por el Tribunal de Primera Instancia, Sala Superior de Ponce (TPI). Mediante el aludido dictamen, el TPI declaró No Ha Lugar a la *Moción Anunciando Nueva Prueba Pericial* que presentó el peticionario. En consecuencia, impidió la presentación del perito e informe pericial que anunció el peticionario el 3 de junio de 2024.

Por los fundamentos que expondremos a continuación, expedimos el recurso de *certiorari* y **revocamos** el dictamen recurrido.

I.

El 29 de abril de 2021, el señor Domitriz Torres, su esposa, la Sra. Gloria De Jesús Martínez y la Sociedad Legal de Gananciales compuesta por ambos presentaron una *Demanda* sobre impericia médica en contra del Hospital San Lucas, Inc., Hospital San

Cristóbal, la Dra. Waleska Torres Quiles, el Dr. Ariel Morciglio Almodóvar, el Dr. Alexis Pereira Moreno (Dr. Pereira Moreno), el Dr. Jorge Martínez Trabal (Dr. Martínez Trabal) y sus aseguradoras (en conjunto, parte recurrida).[1]

Tras varios trámites procesales, los cuales no son necesarios pormenorizar, el 5 de septiembre de 2023, el TPI celebró una vista sobre el estado de los procedimientos.[2] En esencia, las partes informaron el calendario para tomar las deposiciones. En específico, el peticionario informó al Tribunal que anunciaría un nuevo perito de negligencia, por lo que solicitó sesenta (60) días para anunciar el nombre, *curriculum vitae* y los honorarios del nuevo perito. Por su parte, **el Tribunal decretó el cierre del descubrimiento de prueba para el 16 de enero de 2025**. **Asimismo, señaló la conferencia con antelación a juicio para el 23 de abril de 2025 a las 9:00 am de manera presencial**.

Así las cosas, el 3 de junio de 2024, el señor Domitriz Torres presentó una *Moción Anunciando Prueba Pericial*.[3] Mediante dicha moción, el peticionario informó al Tribunal que había contratado como perito al cirujano, Matthew R. Brackman (Dr. Brackman), quien había evaluado el caso desde la perspectiva quirúrgica. El peticionario acompañó dicha moción con el informe pericial y el *curriculum vitae* del cirujano. Aclaró, que la participación del Dr. Brackman no causaba perjuicio alguno a las partes, toda vez que no había culminado el periodo de descubrimiento de prueba y, no se había señalado la fecha del juicio en su fondo.

En virtud de lo anterior, el 4 de junio de 2024, el TPI emitió y notificó una *Orden*.[4] En esta, ordenó a la parte recurrida a expresar su posición con relación a la nueva prueba pericial que presentó el

---

[1] Véase, págs. 1-9 del apéndice del recurso.
[2] Íd., págs. 32-37.
[3] Íd., págs. 58-59.
[4] Íd., págs. 60-63.

peticionario. Conforme ordenado, 5 de junio de 2024, el Dr. Martínez Trabal presentó su *Moción en Cumplimiento de Orden.*[5] Adujo, que el informe del Dr. Brackman, quien era cirujano general, constituía una repetición de lo que estableció el Dr. Edwin Miranda (Dr. Miranda), emergenciólogo, en su informe. Sostuvo que el único perito adicional que notificó el peticionario, dentro del término concedido por el Tribunal, fue un perito de incapacidad, el Dr. José Raúl Ortiz Rubio. Así pues, argumentó que el informe pericial que se notificó el 4 de junio de 2024 era contrario a lo autorizado por el TPI.

Cónsono con lo anterior, razonó que anunciar un perito en esa etapa de los procedimientos conllevaba que la parte recurrida anunciara nuevos peritos en varias áreas de la medicina, dado que el nuevo perito que anunció el peticionario era un cirujano general, no era un cirujano periferovascular, especialidad del Dr. Martínez Trabal. Por tal motivo, entendió que la notificación del perito era tardía y entorpecía la calendarización pautada para el descubrimiento de prueba y la vista de conferencia con antelación a juicio. A tenor con lo anterior, solicitó no se permitiera el uso del nuevo perito.

En la misma fecha, el señor Domitriz Torres presentó su *Réplica a Moción en Cumplimiento de Orden.*[6] Alegó que, la parte recurrida no podía pretender que este renunciara a la defensa de sus alegaciones y al descubrimiento sobre el procedimiento quirúrgico que resultó en la amputación de su brazo derecho. Argumentó que la parte recurrida no podía gozar de una ventaja indebida en el descubrimiento de prueba. De igual forma, esbozó que el anuncio de la prueba pericial adicional era más que oportuna, pues no había culminado el descubrimiento de prueba y no había

---

[5] Íd., págs. 64-68.
[6] Íd., págs. 69-73.

un señalamiento de juicio. Enfatizó que, la parte recurrida no sufría perjuicio alguno y tenían tiempo para deponer al Dr. Brackman. Posteriormente, el 6 de junio de 2024, el Dr. Pereira Marrero, presentó una *Moción* en la cual se unió a la solicitud del Dr. Martínez Trabal.[7] Es decir, adoptó por referencia todos los argumentos expuestos en la *Moción en Cumplimiento de Orden* y reiteró su oposición al uso del Dr. Brackman como perito.

En la misma fecha, el peticionario presentó su *Réplica a Moción de Codemandado Dr. Alexis Pereira Marrero Uniéndose a Moción en Cumplimiento de Orden de Dr. Jorge Martínez Trabal.*[8] En esencia, planteó que surgía de la Minuta de la vista que se celebró el 5 de septiembre de 2023, que las deposiciones de los peritos de la parte recurrida estaban calendarizadas para tomarse a mediados de noviembre de 2024. Por tanto, razonó que resultaba irrazonable determinar que el Dr. Pereira Marrero no podía deponer al Dr. Brackman dentro de ese término y, antes de que concluyera el descubrimiento de prueba. Así pues, alegó que el anuncio de la prueba pericial adicional era más que oportuno y, que la parte recurrida tenía tiempo y recursos suficientes para deponer al Dr. Brackman. Por último, reiteró que quien único sufriría un perjuicio sustancial era el peticionario, toda vez que se le iba a limitar anunciar un perito en un juicio que no había sido señalado.

Luego de examinar los argumentos presentados por las partes, el 5 de junio de 2024, el TPI emitió una *Resolución* que se notificó el 7 de junio de 2024, en la cual declaró No Ha Lugar a la *Moción Anunciando Nueva Prueba Pericial.*[9] En lo pertinente, el TPI determinó lo siguiente:

> El único perito adicional que notificó la parte demandante dentro del término concedido por este Honorable Tribunal era a un perito de incapacidad, el

---

[7] Íd., págs. 74-77.
[8] Íd., págs. 78-80.
[9] Íd., págs. 81-86.

> Dr. José Raúl Ortiz Rubio, de quien presentó un informe pericial.
>
> Anunciar un perito en esta etapa de los procedimientos conlleva una dilación innecesaria en los procedimientos y sería reabrir el descubrimiento de prueba. Permitir los solicitado por la parte demandante tendría como consecuencia, reseñalar la vista de Conferencia con Antelación al Juicio causando un atraso en el caso a pesar de la calendarización establecida en el mismo.

Inconforme, el 17 de junio de 2024, el señor Domitriz Torres presentó su *Solicitud de Reconsideración* en la cual reiteró sus planteamientos iniciales.[10] Sostuvo que era irrazonable concluir que no había tiempo suficiente para deponer al Dr. Brackman y que este presentase su informe pericial previo a culminar el descubrimiento de prueba el 16 de enero de 2025. Además, argumentó que la parte recurrida no argumentó cuál era el perjuicio sustancial que sufriría al presentarse el testimonio pericial del Dr. Brackman.

Por su parte, el 19 de junio de 2024, el Dr. Martínez Trabal presentó su *Réplica a Solicitud de Reconsideración*.[11] En apretada síntesis, alegó que el Tribunal fue enfático en que se tenían que llevar a cabo las deposiciones según pautadas en la vista del 5 de septiembre de 2023. Asimismo, apuntó que el único perito adicional que presentó el peticionario fue un perito de incapacidad y, que el informe pericial que se presentó el 4 de junio de 2024 excedía el término que otorgó el TPI para culminar con las deposiciones.

El 1 de julio de 2024, el TPI emitió una *Resolución*, que se notificó al día siguiente en la cual declaró No Ha Lugar a la moción de reconsideración.[12] Aún inconforme, el 1 de agosto de 2024, el peticionario presentó el recurso de epígrafe y formuló el siguiente señalamiento de error:

> **Erró el TPI al prohibirle a la parte demandante utilizar a un perito cirujano como parte de su prueba pericial, determinando que de permitirlo habría que reabrir el descubrimiento de prueba -aun abierto- y**

---

[10] Íd., págs. 87-96.
[11] Íd., págs. 97-99.
[12] Íd., págs. 100-102.

**que reseñalar la vista con antelación al juicio, y por cuanto la parte demandada no sufrirá ningún perjuicio de permitírsele declarar al perito que interesa presentar el demandante en un juicio que aún no ha sido señalado.**

Atendido el recurso, el 19 de agosto de 2024, emitimos una *Resolución* concediéndole a la parte recurrida hasta el 23 de agosto de 2024, para presentar su oposición al recurso. En incumplimiento con el término para presentar su oposición, el 27 de agosto de 2024, el Dr. Martínez Trabal presentó su *Oposición al Certiorari.*

Con el beneficio de la comparecencia de ambas partes, procedemos a resolver el asunto ante nuestra consideración. *Veamos.*

II.

**-A-**

El *certiorari* es el vehículo procesal extraordinario utilizado para que un tribunal de mayor jerarquía pueda corregir un error de derecho cometido por un tribunal inferior. *Torres González v. Zaragoza Meléndez*, 211 DPR 821 (2023). Los tribunales apelativos tenemos la facultad para expedir un *certiorari* de manera discrecional. Íd. Esta discreción se define como "el poder para decidir en una u otra forma, esto es, para escoger entre uno o varios cursos de acción". *García v. Padró*, 165 DPR 324, 334 (2005). Asimismo, discreción es una forma de razonabilidad aplicada al discernimiento judicial para llegar a una conclusión justa. Íd., pág. 335. Ahora bien, la aludida discreción que tiene este foro apelativo para atender un *certiorari* no es absoluta. Íd. Esto ya que no tenemos autoridad para actuar de una forma u otra, con abstracción total al resto del derecho, pues ello constituiría abuso de discreción. Íd. Así, "el adecuado ejercicio de la discreción judicial esta inexorable e indefectiblemente atado al concepto de la razonabilidad". Íd.

La Regla 52.1 de Procedimiento Civil, 32 LPRA Ap. V, R. 52.1, establece que el recurso de *certiorari* para resolver resoluciones u

órdenes interlocutorias dictadas por el Tribunal de Primera Instancia, será expedido por el Tribunal de Apelaciones cuando se recurre de: (1) una resolución u orden bajo la Regla 56 (Remedios Provisionales) y la Regla 57 (*Injunction*) de las Reglas de Procedimiento Civil; (2) la denegatoria de una moción de carácter dispositivo y; (3) por excepción de: (a) decisiones sobre la admisibilidad de testigos de hechos o peritos esenciales; (b) asuntos relativos a privilegios probatorios; (c) anotaciones de rebeldía; (d) casos de relaciones de familia; (e) casos que revistan interés público; y (f) cualquier otra situación en la que esperar a la apelación constituiría un fracaso irremediable de la justicia.

Por su parte, la Regla 40 del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, enmarca los criterios que debe evaluar este tribunal al expedir un auto de *certiorari.* La aludida regla establece lo siguiente:

> El tribunal tomará en consideración los siguientes criterios al determinar la expedición de un auto de certiorari o de una orden de mostrar causa:
>
> (A) Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.
>
> (B) Si la situación de hechos planteada es la más indicada para el análisis del problema.
>
> (C) Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.
>
> (D) Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.
>
> (E) Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.
>
> (F) Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.
>
> (G) Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia. 4 LPRA Ap. XXII-B, R. 40.

Ninguno de estos criterios es determinante por sí solo para el ejercicio de jurisdicción y tampoco constituyen una lista exhaustiva. *García v. Padró*, supra, pág. 335. La norma vigente es que los tribunales apelativos podremos intervenir con las determinaciones discrecionales del Tribunal de Primera Instancia cuando este haya incurrido en arbitrariedad, craso abuso de discreción o en un error en la interpretación o aplicación de cualquier norma procesal o de derecho sustantivo. *Pueblo v. Rivera Santiago*, 176 DPR 559, 581 (2009).

**-B-**

El descubrimiento de prueba "es el mecanismo utilizado por las partes para obtener hechos, título, documentos u otras cosas que están en poder del demandado o que son de su exclusivo conocimiento y que son necesarias para hacer valer sus derechos". *McNeil Healthcare v. Mun. de Las Piedras II*, 206 DPR 659 (2021). El propósito del descubrimiento de prueba es precisar las controversias, el cual facilita la consecución de evidencia, evita las sorpresas en el juicio y perpetúa la prueba. *García Rivera et al. v. Enríquez*, 153 DPR 323, 333 (2001). En ese sentido, desde *Sierra v. Tribunal Superior*, 81 DPR 554, 560 (1959) el Tribunal Supremo ha reconocido lo valioso y necesario que resulta un descubrimiento de prueba amplio y liberal. *McNeil Healthcare v. Mun. Las Piedras II*, *supra*, pág. 672. Sin embargo, cabe precisar que, a pesar de que el descubrimiento de prueba se caracteriza por ser amplio y liberal, el Tribunal goza de amplia discreción para regularlo, de manera que se garantice una solución justa, rápida y económica. *Rivera Gómez y otros v. Arcos Dorados Puerto Rico, Inc.*, 212 DPR 194 (2023).

Consonó con dichos principios, la Regla 23.1 de Procedimiento Civil, 32 LPRA Ap. V, dispone lo siguiente:

> El alcance del descubrimiento de prueba, a menos que sea limitado de algún modo por el

tribunal, en conformidad con las disposiciones de estas reglas, será como sigue:

(a) *En general.* Las partes podrán hacer descubrimiento sobre cualquier materia, no privilegiada, que sea pertinente al asunto en controversia en el pleito pendiente, ya se refiera a la reclamación o defensa de cualquier otra parte, incluso la existencia, descripción, naturaleza, custodia, condición y localización de cualesquiera libros, información almacenada electrónicamente, documentos u otros objetos tangibles, y la identidad y dirección de personas que conozcan hechos pertinentes. No constituirá objeción el que la información solicitada sea inadmisible en el juicio, siempre que exista una probabilidad razonable de que dicha información conduzca al descubrimiento de evidencia admisible.

Es decir, el descubrimiento de prueba se extiende a cualquier materia que no sea privilegiada y que sea pertinente al asunto en controversia. *Ponce Adv. Med. v. Santiago González et al.*, 197 DPR 891, 898-899 (2017). Respecto a la pertinencia, la citada Regla 23.1 de Procedimiento Civil, *supra,* admite el descubrimiento de todos los asuntos que puedan tener cualquier relación con la materia objeto del litigio, aunque no estén relacionados con las controversias alegadas. *García Rivera et al. v. Enríquez, supra,* pág. 334. En resumen, prueba pertinente es aquella que produzca o pueda producir, entre otras:

(a) prueba que sea admisible en el juicio; (b) hechos que puedan servir para descubrir evidencia admisible; (c) datos que puedan facilitar el desarrollo del proceso; (d) admisiones que puedan limitar las cuestiones realmente litigiosas entre las partes; (e) datos que puedan servir para impugnar la credibilidad de los testigos; (f) hechos que puedan usarse para contrainterrogar a los testigos de la otra parte; (g) nombres de los testigos que la parte interrogada espera utilizar en el juicio. *McNeil Healthcare v. Mun. Las Piedras, et al., supra.*

En lo pertinente a la controversia ante nos, en el caso *Rivera Gómez y otros v. Arcos Dorados Puerto Rico, Inc., supra,* el Tribunal Supremo resalta la gran flexibilidad que existe en la etapa procesal

del descubrimiento de prueba y la discreción que tienen los tribunales para regular dicho proceso. Sin embargo, a su vez resalta la importancia de que los tribunales, en el ejercicio de su discreción, ejerzan un balance razonable entre una solución justa, rápida y económica y el interés de garantizar un descubrimiento de prueba amplio y liberal. Íd. De igual forma, nuestro más alto foro establece que el derecho a presentar prueba en apoyo de una reclamación es un eje central del debido proceso de ley, por lo que excluir del juicio el testimonio de un perito esencial es equivalente a la medida extrema de desestimación. Íd. A tales efectos, expresaron que esto solo se debe dar en circunstancias excepcionales. Íd. Véase *Valentín v. Mun. de Añasco*, 145 DPR, 887, 895 (1988).

Las Reglas 701 a la 709 de las Reglas de Evidencia de Puerto Rico, 32 LPRA Ap. V., preceptúan todo lo relacionado a las opiniones y testimonio pericial. Particularmente, conforme a la Regla 702 de dicho estatuto, el perito es una persona quien, por su conocimiento científico, técnico o especializado puede formar una opinión que sea útil para el juzgador de los hechos. *SLG Font Bardón v. Mini-Warehouse*, 179 DPR 322, 338 (2010). A tales efectos, "[c]omo cualquier otro testigo, la función del perito es dar a conocer la verdad, derivada de su conocimiento especializado". *Rivera Gómez y otros v. Arcos Dorados Puerto Rico, Inc.*, supra.

En lo pertinente al caso ante nos, cabe discutir que una *Sentencia* altamente persuasiva, *Carrión Cuadrad, Jaime; Ortiz López, Milagros y S v. Hospital Hima San Pablo de Caguas y Otros*, alfanumérico CC-2023-0571, que se emitió el 24 de julio de 2024, el Tribunal Supremo de Puerto Rico determinó que el Tribunal de Apelaciones erró al no permitirle al peticionario la presentación de un nuevo perito en un caso de impericia médica y daños y perjuicios. Esto, a pesar de que la solicitud se presentó dentro del término provisto por el TPI para finalizar el descubrimiento de prueba. Íd.

Asimismo, determinó que la medida severa de excluir del juicio el testimonio de un testigo crucial o perito esencial, era análoga a la medida extrema de la desestimación. Íd.

III.

En el caso de epígrafe, el señor Domitriz Torres impugnó la *Resolución* que emitió el TPI el 5 de junio de 2024 y notificó el 7 de junio de 2024, en la cual declaró No Ha Lugar a la *Moción Anunciando Nueva Prueba Pericial.* En su único señalamiento de error, el peticionario argumentó que el TPI erró al prohibirle utilizar a un perito cirujano como parte de su prueba pericial, determinando que, de permitirlo, habría que reabrir el descubrimiento de prueba -aun abierto- y reseñalar la vista con antelación al juicio. Sostuvo que la parte recurrida no sufriría ningún perjuicio de permitírsele declarar al perito que interesaba presentar en un juicio que aún no había sido señalado.

Conforme al derecho que antecede, el derecho a presentar prueba en apoyo a una reclamación es un eje central al debido proceso de ley. *Rivera Gómez y otros v. Arcos Dorados Puerto Rico, Inc.*, supra. En tal sentido, eliminar o excluir del juicio un perito esencial es análogo a la medida extrema de desestimación. Íd. Así pues, es de gran importancia que los Tribunales en el ejercicio de su discreción, ejerzan un balance razonable entre una solución justa, rápida y económica y el interés de garantizar un descubrimiento de prueba amplio y liberal. Íd.

Del expediente ante nuestra consideración se desprende que el 5 de septiembre de 2023, el TPI celebró una vista sobre el estado de los procedimientos. En lo pertinente, **el Tribunal decretó el cierre del descubrimiento de prueba para el 16 de enero de 2025**. **Asimismo, señaló la conferencia con antelación a juicio para el 23 de abril de 2025 a las 9:00 am de manera presencial**. (Énfasis suplido). Posteriormente, el 3 junio de 2024, el peticionario

presentó una *Moción Anunciando Prueba Pericial,* en la cual informó al Tribunal que había contratado como perito al Dr. Brackman, quien era cirujano. Enfatizó, que el Dr. Brackman había evaluado el caso desde la perspectiva quirúrgica. Por último, aclaró, que la participación del Dr. Brackman no causaba perjuicio a las partes, **toda vez que no había culminado el periodo de descubrimiento de prueba y, no se había señalado la fecha del juicio en su fondo.**

Por su parte, el 5 de junio de 2024, el Dr. Martínez Trabal planteó que el único perito que notificó el peticionario, dentro del término concedido por el Tribunal, fue un perito de incapacidad, el Dr. José Raúl Ortiz Rubio. Así pues, esgrimió que el informe pericial que se notificó el 4 de junio de 2024 era contrario a lo autorizado por el TPI. Además, razonó que la notificación del perito era tardía, y entorpecía la calendarización pautada para el descubrimiento de prueba y la vista de conferencia con antelación a juicio. Por su parte, el Dr. Pereira Marrero se unió a la solicitud del Dr. Martínez Trabal.

Así las cosas, el TPI declaró No Ha Lugar a la *Moción Anunciando Nueva Prueba Pericial* que presentó el peticionario. En específico, determinó que anunciar un perito en esta etapa de los procedimientos conllevaba una dilación innecesaria de los procedimientos y sería reabrir el descubrimiento de prueba. A su vez, concluyó que permitir lo solicitado tendría como consecuencia, reseñalar la vista de conferencia con antelación a juicio causando una dilación en el pleito. Inconforme, el señor Domitriz Torres presentó una solicitud de reconsideración, la cual el TPI declaró No Ha Lugar.

De los hechos antes reseñados, podemos colegir que **al momento en que el peticionario presentó la moción para incluir al Dr. Brackman como nueva prueba pericial todavía no había culminado el descubrimiento de prueba y mucho menos el caso**

**se encontraba en etapa avanzada.** Nótese que, de la Minuta de la vista que se celebró el 5 de septiembre de 2023, surge lo siguiente:

> 5. Informa que viene un nuevo perito de negligencia, el cual el Lcdo. Cruz Pérez solicitó 60 días para anunciar su nombre, el currículum vitae y los honorarios a partir de hoy.
>
> [...]
>
> 6. Las deposiciones del Dr. Ortiz Rubio y la del nuevo perito de negligencia se pautaron para el 10 de mayo de 2024. A partir del 10 de mayo les corresponde a los demandados notificar en o antes del 10 de junio de 2024 para rendir los informes periciales.
>
> [...]
>
> 2. Se separó los días 12, 13, 14 y 15 de noviembre de 2024 para los peritos de los demandados que interese tomar la parte demandante y comenzarán a las 9:00 de la mañana y durante todo el día, excepto el día 13 que se comenzará a las 9:00 a.m. hasta la 1:00 p.m.
>
> [...]
>
> A preguntas del Tribunal, la Lcda. Alomar Camacho informó que va a contratar perito y entre las fechas del 12, 13, 14 y 15 de noviembre de 2024 esta contemplada las deposiciones de su perito y la del Dr. Pereira.

Surge de la Minuta, que la representación legal del Dr. Pereira Marrero informó que iba a contratar y deponer peritos durante el mes de noviembre. Dicho esto, cabe precisar que, **el señor Domitriz Torres anunció al Dr. Brackman como perito el 3 junio de 2024 y, el TPI dispuso que la fecha para el cierre del descubrimiento de prueba <u>era el 16 de enero de 2025.</u>** Es decir, las partes tenían siete (7) meses para estudiar el informe del perito y tomar la deposición correspondiente. Además, el TPI había señalado la conferencia con antelación a juicio para el 23 de abril de 2025. Entiéndase, el perito se anunció diez (10) meses previos a la celebración de la conferencia con antelación a juicio.

Por otro lado, de las alegaciones de la Demanda se infiere que el señor Domitriz Torres sufrió una amputación de su brazo derecho, por lo que es forzoso concluir que medió justa causa para que el peticionario solicitara la inclusión de dicho perito. Además, cabe

mencionar que la parte recurrida no presentó argumentos que nos movieran a determinar que incluir al perito resultaría en perjuicio sustancial para ellos.

En virtud de lo antes expuesto, determinamos que no permitir al Dr. Brackman como perito, sin duda causaría un perjuicio indebido por tratarse de la exclusión de una prueba pericial esencial que podría afectar la adjudicación y el desenlace del pleito. Además, sostenemos que faltan varios meses para que culmine el descubrimiento de prueba y se celebre la conferencia con antelación al juicio, por lo que resulta oportuna la solicitud para la inclusión del perito. En consecuencia, concluimos que el único señalamiento de error se cometió.

IV.

Por los fundamentos antes expuestos, expedimos el auto de *certiorari* y **revocamos** el dictamen recurrido. En consecuencia, le devolvemos el caso al TPI para la continuación de los procedimientos de rigor conforme a lo aquí resuelto.

Lo acordó y manda el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.


Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones